**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

**UNITED STATES OF AMERICA**
        **Plaintiff,**

    **v.**                                     **Case No. 05-CR-279**

**SAMUEL OROZCO-MARTINEZ**
        **Defendant.**

---

## MEMORANDUM

### I. FACTS AND BACKGROUND

The government charged defendant Samuel Orozco-Martinez with possession of a short-barreled shotgun contrary to 26 U.S.C. §§ 5861(d) & 5871.[1] The indictment alleged that the weapon's barrel was approximately 16-3/4 inches in length, slightly less than the legal minimum of 18 inches. See 26 U.S.C. § 5845(a)(1) & (2). At trial, the government introduced a photograph of defendant holding the shotgun, and defendant did not seriously contest possession. The only disputed issue was whether the government proved that defendant had the requisite criminal knowledge.

The Seventh Circuit's pattern instruction for § 5861(d) offenses provides that the government must prove that "the defendant knew that the firearm possessed the

---

[1] Section 5861(d) outlaws possession of the weapons enumerated in 26 U.S.C. § 5845(a) – shotguns and rifles with short (i.e., less than 18-inch) barrels or an overall length of less than 26 inches, machine guns, silencers and destructive devices – which are not registered in the National Firearms Registration and Transfer Record. As the testimony from an ATF agent in this case indicated, these weapons may be registered only under the most stringent conditions, such that the provision constitutes a virtual ban on possession. Thus, for the sake of simplicity, in this memorandum I will refer to the statute as a ban on possession of such weapons.

characteristic[s]" that brought it within the statutory prohibition. <u>Seventh Circuit Federal Jury Instructions Criminal</u> 405 (1999). The Committee Comment to the instruction states that "the court must provide a list of all the characteristics in the appropriate statutory definition of the particular firearm or firearms which are the subject of the prosecution. These definitions are found at 26 U.S.C. § 5845." <u>Id.</u>

I initially proposed using the definition in § 5845(a)(1), i.e., "a shotgun having a barrel or barrels of less than 18 inches in length." However, with the agreement of the parties, I ultimately instructed the jury using the definition in § 5845(a)(2), i.e., "a weapon made from a shotgun if such weapon as modified has an overall length of less than 26 inches or a barrel or barrels of less than 18 inches in length," which definition best fit the facts of the case. Because the overall length of the weapon was not an issue, I deleted the reference to a total length of 26 inches. Thus, the final instruction required the government to prove that "the defendant knew that the firearm possessed the characteristic of being a weapon made from a shotgun if such weapon as modified has a barrel of less than 18 inches in length[.]" (Jury Instructions at 17.)

While deliberating, the jury asked me to clarify "how important the 18" is." (July 19, 2006 Jury Question.) The government proposed that I respond to the question by reiterating the pattern instruction, but defendant objected, arguing that the instruction mistakenly implied that the government had to prove only that he knew that the firearm was a modified shotgun, not that he <u>also</u> knew that it had a barrel of less than 18 inches. The government argued that that was indeed the law; defendant only had to know that the weapon was a modified shotgun, and that while it had to prove that the weapon, <u>in fact</u>, had a barrel of less than 18 inches, it did not have to prove that defendant <u>knew</u> of the

2

barrel's length. Upon reviewing the pertinent cases, I concluded that defendant was right. Thus, I advised the jury that "the government must prove beyond a reasonable doubt that the defendant knew that the firearm as modified has a barrel of less than 18 inches in length." (July 19, 2006 Response to Jury Question.)

In this memorandum, I set forth more fully the basis for my decision. I do so in the hope of assisting other courts avoid the confusion that can result when a court plugs the § 5845(a)(2) definition into the § 5861 pattern instruction.

## II. DISCUSSION

**A.    Applicable Law**

Section 5861(d) contains no explicit mens rea requirement. However, in <u>Staples v. United States</u>, 511 U.S. 600, 602 (1994), the Supreme Court held that the government nevertheless must prove beyond a reasonable doubt that the defendant knew the weapon he possessed had the characteristics that brought it within the statutory prohibition. The Court noted that statutes must be construed according to common law requirements, one of which is that crimes generally require a mens rea requirement, even when the statute defining the crime does not contain one. <u>Id.</u> at 605. Relying on this common law rule, the Court stated that offenses should be construed as containing a mens rea requirement, absent some clear indication from Congress that it intended to dispense with one. <u>Id.</u> at 606.

In <u>Staples</u>, the government argued that the court need not construe the statute as including a mens rea requirement because the very nature of the weapons covered by § 5861(d) placed the possessor on notice of possible government regulation. <u>Id.</u> The

3

Court disagreed, noting "that there is a long tradition of widespread lawful gun ownership by private individuals in this country," id. at 610, and that "despite their potential for harm, guns generally can be owned in perfect innocence," id. at 611. The Court found that "the Government's construction of the statute potentially would impose criminal sanctions on a class of persons whose mental state -- ignorance of the characteristics of weapons in their possession -- makes their actions entirely innocent." Id. at 614-15.

The Court further found it unthinkable that Congress intended to subject law-abiding, well-intentioned citizens to a ten-year prison term, see 26 U.S.C. § 5871 (setting forth the penalties for § 5861 violations), absent knowledge that their possession fell within the strictures of § 5861, Staples, 511 U.S. at 615-16. The Court concluded:

> that the background rule of the common law favoring mens rea should govern interpretation of § 5861(d) in this case. Silence does not suggest that Congress dispensed with mens rea for the element of § 5861(d) at issue here. Thus, to obtain a conviction, the Government should have been required to prove that petitioner knew of the features of his [weapon] that brought it within the scope of the Act.

Id. at 619.

Staples concerned possession of a machine gun rather than a sawed-off shotgun. However, the Seventh Circuit has applied the Staples principle to shotguns. United States v. Edwards, 90 F.3d 199, 205 (7th Cir. 1996); see also United States v. Jones, 222 F.3d 349, 352 (7th Cir. 2000).

In Edwards, the defendant sought to withdraw his guilty plea because he had not been advised that the government had to prove that he knew the barrel of the shotgun he possessed was less than 18 inches, and because the government presented no proof from which such knowledge could be inferred. 90 F.3d at 202-03. The government opposed

4

the request, arguing that Staples was inapplicable because sawed-off shotguns were "quasi-suspect in character," there was "no long tradition of lawful ownership" of such weapons, "and because the shortened length is immediately apparent and externally visible [such that] no person could believe possession of such weapons was an innocent act." Id. at 203.

Taking one side of a circuit split, the Seventh Circuit held that the government was required to prove knowledge of the weapon's length. Id. at 205. The court acknowledged that Staples described certain guns – machine guns, sawed-off shotguns and artillery pieces – as "quasi-suspect." Id. at 203. However, the court said:

> We do not view the passage as carving out some exception to the mens rea requirement for quasi-suspect guns, but on the contrary, as explaining why knowledge must be proven even with respect to these suspect guns. We read the Court as saying that it is true that certain guns are undoubtedly suspect and not traditionally legal, such as the machine guns and sawed-off shotguns subject to regulation. However, because there are so many lawfully owned guns, owners of suspect guns (which can often be difficult to distinguish from non-regulated guns) have no expectation of regulation unless they know of the particular attribute of the gun that makes it suspect and brings it within the purview of the statute. In other words, the dangerous quality of guns generally is insufficient to put the machine gun or sawed-off shotgun owner who is ignorant of the features making his gun quasi-suspect on notice of regulation.
>
> The courts exempting sawed-off shotguns from the rule of Staples conclude that one possessing such a quasi-suspect gun has no reasonable expectation of non-regulation; yet the thrust of Staples is that this is only true if the person is aware of the suspect feature of the gun. We agree that a person who knows his shotgun is less than 18 inches long or that his gun fires automatically has no claim of innocent ownership, just as if he knew he possessed a hand grenade. Without proof of this particular knowledge, however, the defendant may only be aware that he owns a firearm in the general sense, which is precisely what the Staples Court held insufficient for a conviction under § 5861(d).

Id. at 203-04 (footnote omitted).

5

The Seventh Circuit further noted that although Staples described machine guns as quasi-suspect, it nevertheless applied a mens rea requirement in a case involving such a weapon. Further, the dissenters in Staples clearly read the Court's holding as applying both to machine guns and sawed-off shotguns. Id. at 204. Finally, the Seventh Circuit noted that possession of short-barreled shotguns carried the same harsh ten-year sentence as possession of machine guns, and that it made no sense to apply different rules to the different weapons encompassed by § 5861(d). Id. at 204. The Seventh Circuit concluded:

> that the Supreme Court in Staples made clear that the government had to prove the defendant was aware of the features that brought his gun within the realm of regulation, even if the gun is considered "quasi-suspect." In addition, this knowledge cannot be presumed as a matter of law in every sawed-off shotgun case.

Id. at 205. Because the defendant in Edwards had not been informed that the government had to prove that he knew his shotgun had a barrel of less than 18 inches, and there was no factual basis to support a finding of such knowledge, the court held that he should have been permitted to withdraw his plea. Id.

**B.    Analysis**

The jury's question brought to the attention of the court and counsel something that had previously escaped us – namely that the language of § 5845(a)(2) is ambiguous and that simply plugging it into the Seventh Circuit's pattern instruction, as the Committee Comment recommends, is likely to confuse a jury rather than clarify what the government must prove to establish the requisite criminal knowledge.

When confronted with a question from the jury, the trial judge should respond specifically. United States v. Graham, 431 F.3d 585, 589 (7th Cir. 2005). The judge "has

6

an obligation to dispel any confusion quickly and with concrete accuracy." United States v. Sims, 329 F.3d 937, 943 (7th Cir. 2003). In some instances, the judge may simply reiterate the instructions previously given, but only if the original jury charge clearly and correctly states the applicable law. See United States v. Span, 170 F.3d 798, 802 (7th Cir. 1999). If, however, the jury's question reveals an ambiguity in the original instructions, it is appropriate for the court to clarify with a supplemental instruction, so long as it correctly states the law and answers the jury's question accurately. Sims, 329 F.3d at 943.

In the present case, I was required to apply Edwards and Staples in the context of the jury's question and dispel its apparent confusion concerning the government's burden of proof. As previously discussed, the government's burden in § 5861(d) prosecutions is to prove that the defendant knew that the weapon had a barrel of less than 18 inches. I advised the jury accordingly.

As noted, the government argued that the pattern instruction was adequate because it was only required to prove that defendant knew that the weapon was modified. However, although two circuits had adopted this position,[2] Edwards expressly rejected it:

> What the Imes and Barr courts really seem to be advancing is not that the Staples knowledge element should be eliminated in some § 5861(d) cases,

---

[2]The Ninth Circuit has since switched sides. United States v. Gergen, 172 F.3d 719, 723 n.3, 724 (9th Cir. 1999) (noting that Imes had been withdrawn, and reversing where the district court instructed the jury that the government did not have to prove the defendant's knowledge of the shotgun's length). Presently, only the Eighth Circuit, which decided Barr, disagrees with the Seventh. See United States v. Reyna, 130 F.3d 104, 108 (5th Cir. 1997) (stating that six of the seven circuits that have addressed the issue have held that § 5861(d) requires proof that the defendant knows the characteristics of his sawed-off shotgun that bring it within the Act, with the 8th Circuit the only outlier); see also United States v. Michel, 446 F.3d 1122, 1129 (10th Cir. 2006) (stating that "the government was required to present sufficient evidence that [the defendant] knew the firearm had a barrel length of less than eighteen inches").

7

> but rather that we can just assume as a matter of law that the knowledge
> requirement is met in the case of a sawed-off shotgun, because its length is
> immediately apparent and externally visible to anyone observing it. These
> courts apparently do not believe that anyone could genuinely or reasonably
> be uncertain or unaware of the suspect character of a sawed-off shotgun.
> Knowledge is a factual issue, however, which should be left for the jury to
> determine. The fact that the length may be obvious or apparent simply goes
> to the ease in which the government will be able to prove the requisite
> knowledge. No doubt it will be much easier for the government to prove the
> defendant's knowledge of the features warranting registration in the case of
> a 14-inch shotgun than in the case of a converted semi-automatic, but this
> does not mean the knowledge element need not be proved. The fact that a
> shotgun's length is obvious and apparent is simply a means of proving
> knowledge, not a substitute for such proof.

Id. at 204-05.

Edwards also addressed the government's argument that requiring it to establish that the defendant knew that the length of the barrel was less than 18 inches imposed too heavy a burden:

> Further, we do not believe that knowledge should be assumed because we
> are not convinced that the sawed-off nature or illegal characteristic of a
> shotgun would be immediately apparent in every case. There may be
> situations where a person could honestly believe that their possession of the
> weapon was entirely innocent. For example, it is not hard to conceive of a
> person reasonably believing a 17.5 inch shotgun is over 18 inches and
> therefore perfectly legal. The government apparently recognizes that these
> situations may exist, as it complains that its burden of proof will be too
> difficult in the close case. We cannot muster much sympathy for the
> government. First, we suspect that the situations we described will occur
> only in rare cases, making the government's burden easily satisfied in most
> cases. As the Staples Court noted in response to a similar argument by the
> government: "In short, we are confident that when the defendant knows of
> the characteristics of his weapon that bring it within the scope of the Act, the
> Government will not face great difficulty in proving that knowledge." 114 S.
> Ct. at 1802 n. 11. Second, although the government may face a tougher
> burden in the close cases, we believe this is exactly what the Supreme Court
> held Congress intended--because the close case is exactly when you run the
> highest risk of convicting someone "whose conduct would not even alert
> them to the probability of strict regulations. . . ." Id. at 1802.

Id. at 205.[3]

In the present case, the law did in fact impose a heavy burden on the government because the shotgun at issue was only about an inch shorter than the minimum legal limit. Nevertheless, the government was able to argue to the jury that based on the fact of defendant's possession of the weapon, his admissions to law enforcement and all of the surrounding circumstances, it could reasonably infer that he possessed the required knowledge. See Jones, 222 F.3d at 352 ("In prosecutions under the National Firearms Act, courts have held that evidence a defendant observed and handled his 'sawed-off shotgun' is sufficient for a jury reasonably to infer that the defendant knew that the weapon was shorter than twenty-six inches overall or had a barrel length of less than eighteen inches."). The jury could have drawn a different inference than it ultimately did.[4] But it could not do its job without being properly instructed.[5]

### III. CONCLUSION

Because § 5845(a)(2) is unclear, plugging its definition into the Seventh Circuit's pattern instruction is likely to confuse juries. Rather, courts should use the definition provided in § 5845(a)(1), which is short and clear and plainly states that the government must prove the defendant's knowledge concerning the weapon's length. If courts do use

---

[3] I would add that it is legal to saw off a shotgun, so long as the overall length is not less than 26 inches or the barrel length less than 18 inches. Thus, it is reasonable to require the government to prove knowledge of length as well as of modification.

[4] The jury acquitted.

[5] The government also attempted to distinguish Edwards on the ground that it was a guilty plea case. However, Edwards sets forth what the government must prove with respect to the defendant's knowledge to secure a conviction under § 5861(d). Thus, I found the government's attempted distinction unpersuasive.

9

the § 5845(a)(2) definition, they should make sure that the jury understands that in order to convict it must find that the defendant knew that the shotgun, as modified, had a barrel of less than 18 inches or an overall length of less than 26 inches.

It is unlikely that in creating an instruction consistent with Staples, the Seventh Circuit's Jury Instruction Committee considered the ambiguity in § 5845(a)(2). In the present case, it took the wisdom of the jury to bring the issue into focus.

Dated at Milwaukee, Wisconsin, this 22nd day of July, 2006.

/s Lynn Adelman
_____
LYNN ADELMAN
District Judge